## MIRANDA, Plaintiff, v. DUGAN, Defendant.

Common Pleas Court, Trumbull County.

No. 61679. Decided December 29, 1955.

Sieman & Sieman, for plaintiff.
Hoppe, Day & Ford, by Mr. Day, for defendant.

## OPINION

By BIRRELL, J.

This matter comes before the Court on the Motion of the Defendant to re-tax the costs in this case, especially with reference to the expense

of two Depositions, to-wit, the deposition of Dr. Reese and the deposition of the Defendant, Anna M. Dugan. The case has been tried twice. The first verdict in the amount of $625.00 for the Plaintiff was appealed by the Plaintiff on the ground of inadequacy, and the judgment was reversed by the Court of Appeals, and sent back for re-trial. The second trial resulted in a verdict of $150.00 which verdict has not been appealed by either side. A previous Motion to tax the costs on the second trial against the Plaintiff, because the verdict was less than the verdict in the first trial, was sustained on the authority of **Bank v. Slemmons, 34 Oh St 142.**

Two questions are now presented: the first with reference to the expense of the Deposition of Dr. Reese, suggests that since his Deposition was used in the second trial the expense thereof should be divided, and one-half thereof be taxed in the costs of the first trial, and the other one-half in the costs of the second trial. The costs of this doctor's Deposition were properly taxed against the Defendant in the first trial. At the second trial either party was privileged to use the testimony which had been given at the first trial, should the witness be absent. Dr. Reese was in the armed services, and absent from the State of Ohio at both trials. The Plaintiff, therefore was entitled to use his testimoney from the first trial regardless of the Deposition. Likewise it appears to the Court that to adopt a practice of apportioning the costs of this Deposition might lead to the "splitting of hairs" in many cases. Consequently it is determined that the costs of Dr. Reese Deposition were properly assessed in full in the first trial, and are a proper charge against the Defendant in this case.

The second question regarding the costs of the Deposition of the Defendant has been answered in numerous cases in the State of Ohio as follows:

**Fairchild v. Lake Shore Elec. Co., 101 Oh St 261:**

3 Syl: "An existing as distinguished from a potential issue of fact in a trial Court is not necessary in order that a party may exercise the right given by §11526 GC, to take testimony by Deposition at any time after service of summons on the defendant. Either party may take depositions while error proceedings are pending in a reviewing court to reverse the judgment of the trial court. If such depositions are not used, the expense of taking them cannot be taxed in the costs of the case."

**Searles v. Union Cent. Life Ins. Co., 55 Oh Ap 85, 8 O. O. 358.**

1 Syl: "The costs of a deposition, taken during proceedings in the trial court but never used by either party, must be borne by the party taking it."

Meader v. Root, 11 O. C. C. 81 at p. 83.

Dictum: "Of course, if at the time of trial, the witness is in the county, and his presence at the trial can be had, the deposition cannot be used, and the party taking it, can not have the cost thereof taxed as a part of the costs in the case."

Shaw v. Ohio Edison Installation Co., 9 O. Dec. Rep. 809 at p. 812.

Dictum: "If it is not used at all, then the party taking it must pay the costs,"

In re Nushuler, 4 O. Dec. Rep. 299 at p. 300.

Dictum: "a party who takes a deposition that cannot be used has to pay the expense of taking it including the witness fee."

In our case the Plaintiff took the deposition of the Defendant before trial, presumably on the theory that the Defendant might not appear at the trial, and for the purpose of making the Defendant's testimony available. (There are people who designate such depositions as "fishing expeditions.") Since the Defendant was present at each trial and testified in her own behalf, and also was called and submitted to cross-examination by the Plaintiff in each trial, under the foregoing authorities the expense of taking the deposition of the Defendant could not be taxed in the costs. The fact that Plaintiff may have referred to the testimony taken in the deposition in order to cross-examine the Defendant is not sufficient in itself to permit the taxing of the costs of the deposition.

The Motion will, therefore be OVERRULED as to the expense of the deposition of Dr. Reese, and SUSTAINED as to the expense of the deposition of the Defendant.