## SEARLES et v
## UNION CENTRAL LIFE INS CO

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 30, 1936

Denman, Miller & Beatty, Toledo, for appellees.

Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

### OPINION

By TAYLOR, J.

The sole question in this case, which comes here by appeal upon questions of law, is the right to tax as part of the costs a deposition taken but not used.

During the pendency of a motion to strike out part of the petition, defendant took the deposition of one of the plaintiffs, Dan Searles, which deposition thereafter was duly filed with the clerk of the Court of Common Pleas of this county. Searles at that time was, and ever since has been, a resident of Lucas County, and, so far as known, under no disability which would have prevented him from testifying on the trial. Thereafter, before trial, plaintiffs dismissed their action without prejudice, and the clerk of the Court of Common Pleas taxed the cost of the deposition above referred to, in the sum of $98.75, as part of the costs of the case to be paid by the plaintiffs in that court. Thereafter, plaintiffs filed their motion for an order directing the clerk to retax the costs, excluding the cost of this deposition, and the court sustained the motion, whereupon defendant, appellant here, made application for a rehearing. Testimony was taken on that application, and the final action of the Court of Common Pleas was to deny the application for rehearing and enter an order directing the clerk to retax the costs, excluding therefrom the item of $98.75, being the expense incurred in the taking and filing of the deposition in question.

From that order, as has been said, the defendant thereupon appealed to this court on the question of law involved. Without going into an extended discussion, we are satisfied with the reasoning of the late Judge Taft, while judge of the Superior Court of Cincinnati, in the case of Shaw v Ohio Edison Installation Co., 9 Dec. Rep. 809, 812, 17 W. L. B. 274. The court said:

"If a party takes a deposition it must be filed. See §5275 Rev. Stats. If he does not use it himself, and it is admissible, his adversary may use it, and will then have the advantage of a cross examination of his own witness. If it is not used at all, then the party taking it must pay the costs. This last condition of taking testimony is likely to keep parties within reason in their exercise of the right given them by §5266."

Likewise, in Fairchild v Lake Shore Electric Ry. Co., 101 Oh St 261, 128 NE 168, the pertinent part of the third paragraph of the syllabus is as follows:

"Either party may take depositions while error proceedings are pending in a reviewing court to reverse the judgment of the trial court. If such depositions are not used, the expense of taking them cannot be taxed in the costs of the case."

Therefore, we are of the opinion that this appeal must be denied and the judgment of the Court of Common Pleas affirmed, and the cause remanded to that court for further proceedings in accordance with this opinion.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.