Taft, J.
 

 In support of the judgment of affirmance of the Court of Appeals, defendant claims that that court erred in overruling defendant’s motion to strike those of the city’s assigned errors directed solely to the orders of April 15, 1948, and May 12, 1948, and in entertaining an appeal by the city from those orders, when no notice of appeal was filed by the city within 20 days after the entry of either of such orders.
 

 Defendant’s position is that the order of April 15, 1948, was a final order and that the city’s motion of May 12, 1948, recognized it as such; and that, since no appeal was taken from the order of April 15, 1948, a reversal of the order of July 15, 1948, would leave the April 15 order, allowing the fees to be taxed as costs, .still in effect.
 

 In support of this contention, defendant relies upon fhe portion of Section 12223-2, General Code, reading in part:
 

 “An order affecting a substantial right made in a •special proceeding,
 
 or upon a summary application in an action after judgment,
 
 * * * is a final order which may be reviewed * * * as provided in this title.” (Emphasis defendant’s.)
 

 Defendant argues that the order of April 15 represented performance by the court of a judicial function “allowing the costs” while the order of July 15 represented merely the performance of a ministerial duty
 
 *542
 
 taxing the costs. The difficulty with this argument is that, in its order of April 15, the court recognized that it still had a judicial function to perform before it could allow any amount of the costs which defendant sought. This judicial function was not performed until the order of July 15, when the court, for the first time, allowed any amount as costs pursuant to the defendant’s motion to retax the costs.
 

 Defendant refers to the cases of
 
 Lewis
 
 v.
 
 Hickok,
 
 149 Ohio St., 253, 78 N. E. (2d), 569;
 
 Shuster
 
 v.
 
 N. Am. Mortgage Loan Co.,
 
 139 Ohio St., 315, 40 N. E. (2d), 130; and
 
 State, ex rel. K-W Ignition Co.,
 
 v.
 
 Meals,
 
 93 Ohio St., 391, 113 N. E., 258, which held that, where a decree finds the general equities in favor of a party and an accounting is ordered, such decree is a final order from which an appeal may be perfected “although a further provision is included to carry into effect the rights settled.”
 

 In each of those instances, an appeal was allowed from such a decree. None of those cases involved an appeal from any subsequent decree. The importance of this difference is indicated by the language of Read, J., in the court’s opinion in
 
 Kelley
 
 v.
 
 Stanbery,
 
 13 Ohio, 408, where it is said at page 422:
 

 “But under the practice of our courts, a decree finding the general equities of the case for the purpose of reference, etc., has been held final to support an appeal, but for no other purpose. In case of a final decree, an appeal of course brings up the whole merits of the cause. Proceeding upon the principle that a party may question the finding of the general equity, he can appeal from a decree which may possibly dispose of the case without the expense of reference or further proceeding, or may await the final action of the court, and then appeal if it be desired. ’ ’
 

 On the preceding page of the opinion in that case it is said:
 

 
 *543
 
 “A decree is final which disposes of the whole merits of the cause, and leaves nothing for further consideration of the court. A decree is interlocutory which finds the general equities, and the cause is retained for reference, feigned issue, or consideration, to ascertain some matter of fact or law, when, again, it comes under • the consideration of the court for final disposition * * *. The confusion has sprung up from failing to observe the distinction between facts and things, to be ascertained
 
 preparatory
 
 to final decree, and facts and things to be ascertained
 
 in execution
 
 of final decree.”
 

 See, also,
 
 Evans
 
 v.
 
 Dunn & Witt,
 
 26 Ohio St., 439, 445.
 

 In the instant case, after the order of April 15, no one had a right to collect any amount on account of the additional costs which defendant sought to have retaxed. Such a right did not arise until the court, after hearing further evidence, determined the amount to be allowed for counsel fees and other expenses and made its order of July 15. Certain facts had to be found by the court before any amount of the costs which defendant sought to have taxed could be allowed. Until the court determined what the amount was that was to be allowed for counsel fees and expenses, it was wholly problematical, so far as the city was concerned, whether the order of April 15 would result in, taxation of costs in an amount which would justify the city undertaking an appeal. In other words, until the order of July 15, the city was not really hurt. It is difficult to say, therefore, how the order of April 15 could be said to affect “a substantial right” of the city before the order of July 15 had been made.
 

 On this procedural point, our conclusion is that, on an appeal from an order retaxing the costs so as to include therein amounts for reasonable counsel fees and expenses, the party against whom such additional costs
 
 *544
 
 are adjudged may question the validity of a prior order of the court, granting a motion to retax the costs so as to include allowances for such fees and expenses therein but postponing a determination of the actual amounts to be retaxed until after a.later hearing thereon.
 

 The principal question raised by this appeal is whether, where a municipal corporation has made an appropriation of property and filed suit for the assessment of compensation but dismissed such suit prior to trial, Section 3697, General Code, authorizes the inclusion in the costs of the case of a reasonable attorney’s fee paid to the attorney for the defendant, together with other proper expenses incurred by the defendant.
 

 Costs were unknown to the common law. They are authorized only by statute.
 
 Farrier
 
 v.
 
 Cairns, Exrx.,
 
 5 Ohio, 45, 47;
 
 Bell
 
 v.
 
 Bates,
 
 3 Ohio, 380, 381. See, also,
 
 Cleveland, Columbus & Cincinnati Rd. Co.
 
 v.
 
 Bartram,
 
 11 Ohio St., 457, 467.
 

 In the court’s opinion by Summers, J., in
 
 State, ex rel. Commissioners of Franklin County,
 
 v. Guilbert,
 
 Aud.,
 
 77 Ohio St., 333, 83 N. E., 80, it is said on page 338:
 

 “Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action or prosecution and which the statutes authorize to be taxed and included in the judgment or sentence. The woqd does not have a fixed legal signification. As originally used it meant an allowance to a party for expenses incurred in prosecuting or defending a suit. Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *.”
 

 
 *545
 
 See, also,
 
 State, ex rel. Beebe,
 
 v.
 
 Cowley,
 
 116 Ohio St., 377, 381, 382, 156 N. E., 214.
 

 The defendant must, therefore, establish a statutory right to have his attorney’s fees or any other expenses of the defense included in the coste taxed.
 

 Section 3697, General Code, reads:
 

 “When a municipal corporation makes an appropriation of property, and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its right to make such appropriation on the terms of the assessment so made shall cease and determine, and lands so appropriated shall be relieved from all incumbrance on account of any of the proceedings in such case, and the
 
 judgment or order
 
 of the court
 
 directing
 
 such
 
 assessment to be paid shall cease to be of
 
 any
 
 effect, except as to
 
 the
 
 costs adjudged
 
 against the corporation. Upon motion of any defendant,
 
 such costs may be retaxed,
 
 and a reasonable attorney’s fee paid to the attorney of such defendant, which, together with any other proper expenses incurred by the defendant, may be included in the costs.” (Emphasis added.)
 

 In order to prevail, defendant must rely upon the second sentence of the foregoing section. It will be noted that the costs which “may be retaxed” are “such costs.” These necessarily refer to certain “costs adjudged against the corporation” and those costs are costs so adjudged on a “judgment or order * * * directing such assessment to be paid.” There was no judgment or order in the instant case directing any assessment to be paid. The first sentence specifically provides for eliminating the effect of a judgment or order directing payment of an assessment “except as to the costs adjudged” therein. It does not refer to any other kind of judgment or costs adjudged in any other instance. The second sentence refers only to
 
 *546
 
 “such costs” which ca,n, therefore, only be those adjudged on a judgment or order of a kind which never existed in the instant case.
 

 Defendant argues that the second sentence of this statutory section is entirely independent from the first. As hereinbefore pointed out, its words indicate otherwise. An examination of the section, as originally enacted, fortifies this conclusion. At that time, the second sentence was a part of the first (96 Ohio Laws, 30). Apparently, the second sentence only became a separate sentence because of formal changes effected by the codification of 1910.
 

 It may be noted that costs and expenses of the kind here allowed are provided for where a private corporation, in appropriation proceedings dismisses the proceedings before judgment. Section 11060, General Code. No similar provision has been made with respect to appropriation proceedings brought by municipal corporations. It is not in the province of this court to confer upon defendant by judicial construction a right not given to him by the words which the General Assembly has used.
 

 In our opinion, the Court of Common Pleas had no authority to tax any amount in the costs on account of defendant’s counsel fees and expenses in the instant case.
 

 The judgment of the Court of Appeals is, therefore, reversed.
 

 Judgment reversed.
 

 Matthias, Hart, Stewart and Turner, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., concur in paragraphs one and two of the syllabus, but dissent from paragraph three of the syllabus and from the judgment.