THE FAYETTE COUNTY AGRICULTURAL SOCIETY, APPELLEE, v. WOHLHETTER ET AL., APPELLANTS.

206

(No. 266—Decided November 6, 1951.)

*Messrs. Hill & Hill,* for appellee.

*Mr. Carrington T. Marshall,* for appellants.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Fayette County.

Plaintiff-appellee, The Fayette County Agricultural Society, organized under Section 9880 *et seq.,* General Code, instituted a proceeding to appropriate property for public use. Thereafter the plaintiff voluntarily dismissed the proceeding. The defendants-appellants filed a motion to tax costs, including compensation to the attorney for defendants for defending the action and in prosecuting the injunction suit, against the plaintiff. This motion was overruled.

The defendants cite Section 11060, General Code, in support of their contention, which section, in part, provides:

"The corporation may abandon any case or proceeding after paying into court the amount of the defendant's costs, expenses, and attorney fees, as found by the court."

Plaintiff cites Section 11091, General Code, which, in part, provides:

"The provisions of this chapter shall not apply to proceedings by state, county, township, district, or municipal authorities, to appropriate private property for public uses, or for roads or ditches."

Other sections of the Code must be considered in determining the question presented.

Section 9885-1, General Code, provides for the procedure to be followed in appropriation of property by an agricultural society. This section, in part, provides:

"Thereupon the same proceedings of appropriations shall be had which are provided for the appropriation of private property by municipal corporations in Sections 3681 to 3697, both inclusive, of the General Code."

This provision, in legal effect, requires that the statutory provisions governing appropriation proceedings by municipal corporations be applied to such proceedings where instituted by an agricultural society.

While it is true that an agricultural society falls in the category of a private corporation (*Dunn* v. *Agricultural Society,* 46 Ohio St., 93, 18 N. E., 496, 15 Am. St. Rep., 556, 1 L. R. A., 754), the Legislature may provide that statutes applicable to appropriation proceedings by municipal corporations shall be applicable to appropriation proceedings instituted by an agricultural society. It is observed that Section 9885-1, General Code, expressly provides that Section 3697, General Code, shall apply to a proceeding instituted by an agricultural society. But upon examining the provisions of Section 3697, General Code, we find that this section does not authorize inclusion in the costs of any amount for attorneys' fees or expenses of the defendant when the suit is dismissed prior to trial. See *City of Euclid* v. *Vogelin,* 152 Ohio St., 538, 90 N. E. (2d), 593. This appropriation proceeding was not instituted under Title III, Chapter 14, of the Code, in which Section 11060, General Code, is found, and that section has no appli-

208

cation. This action was instituted under Sections 3681 to 3697, General Code. We find no section authorizing the taxing as costs of attorneys' fees in this matter.

The trial court properly overruled the motion of defendants. We find no assignment of error well made.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.