SMITH, APPELLANT, *v.* SMITH, APPELLEE.

(No. 170—Decided May 27, 1952.)

*Mr. Lawrence R. Lyons,* for appellant.
No appearance for appellee.

HILDEBRANT, P. J. Effective August 28, 1951, the Legislature, in amending Part Second, Title VI, Domestic Relations, Chapter 3, Divorce and Alimony, provided by Section 8003-9, General Code:

"On the filing of a petition for divorce or for alimony, the court may and in cases in which there are children under fourteen years of age involved, shall, cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of the parties to the action. The report of such investigation shall be made available to either party or his counsel of record upon written request not less than five days before trial.

"The court, on its own motion, may cite either party to the action from any point in the state to appear in court and testify as a witness."

No provision of any kind is made in the Code to guide the court in causing the required investigation to be made or to provide for payment of any expense or compensation, which it appears would be necessarily incident thereto.

The error assigned in this appeal on questions of law only is to the action of the Common Pleas Court in taxing as part of the costs the sum of five dollars paid or to be paid to the investigator appointed as required by Section 8003-9, General Code.

While the statute commands an investigation and report thereof, it includes no direction to the court in the selection of an investigator, nor does it make any provision for payment of any expense or compensation which would appear to be a necessary in-

cident thereto and which one must assume was within the contemplation of the Legislature.

Under the language of the statute it, therefore, becomes the judicial prerogative and duty of the Common Pleas Court to exercise its sound discretion in the selection of an investigator and to direct and control any and all expenditures necessary thereto, including the mode and manner of payment.

The Clinton County Common Pleas Court has no constables appointed and compensated pursuant to Sections 1692 and 1693, General Code, so that the court exercised a sound discretion in appointing a qualified individual as investigator herein, and, in the absence of specific direction in the statute, in allowing a modest fee of five dollars to the investigator, in full of all expense and compensation for services rendered.

This amount was included in the costs taxed in the case payable by the plaintiff. In this, we hold that the court was in error.

Historically, "By the common law no costs were awarded to either party, *eo nominee*." That the word, "costs," has had a legal significance in Ohio for many years appears by reference to *State, ex rel. Board of Commrs. of Gallia County,* v. *Board of Commrs. of Meigs County,* 14 C. C., 26, wherein at page 29, it is stated:

"So early as 1832 it was held by the Supreme Court on the circuit that the word, 'costs,' has a legal signification, and also that 'it includes only those expenditures which are by law, taxable, and to be included in the judgment.' (*McDonald* v. *Page,* Wright's R., 121; *Ela* v. *Knox,* 46 N. H., 16, 88 Am. D., 179; *Bennet* v. *Kroth,* 37 Kas., 235. 1 Am. St., 248.)"

In *City of Euclid* v. *Vogelin,* 152 Ohio St., 538, 90

N. E. (2d), 593, the second paragraph of the syllabus is:

"Costs are allowed only by authority of statute."

In 11 Ohio Jurisprudence, 10, Section 1, the author defines costs as follows:

"The word, 'costs,' has a legal signification. It includes only those expenditures incidental to the prosecution of an action or other legal proceeding, consisting principally of the fees of witnesses and court officers, which are, by law, taxable, and to be included in the judgment. It is not synonymous with 'expense.' Expenses are costs only when made so by statute."

It is stated in 14 American Jurisprudence, 4, Section 2:

" 'Costs' are statutory allowances to a party to an action for his expenses incurred in the action. They have reference only to the parties and the amounts paid by them * * *.

"The terms, 'fees' and 'costs,' are sometimes used interchangeably, but accurately speaking the term, 'fees,' is applicable to the items chargeable by law between the officer or witness and the party whom he serves, while 'costs' has reference to the expenses of litigation as between the parties. The latter term strictly includes only those expenditures which are by statute taxable and to be included in the judgment."

Examination of the statute relating to costs and the taxing and apportionment thereof between the parties reveals no statute wherein the expense of investigation, made mandatory by Section 8003-9, General Code, is made a part of the costs of the case.

In noting the somewhat subtle distinction between "fees" and "costs" contained in the quotation from 14 American Jurisprudence, *supra,* we would call at-

tention to the distinctive character of the divorce action as being impressed with a public interest.

The parties themselves are at all times free to produce and offer their own evidence with relation to the subjects of investigation outlined in the statute, so that the Legislature in requiring an independent investigation under the direction of the court might well have conceived and intended it to be primarily for the benefit of society and the public in maintaining the marriage status of the parties, once they have consummated the marriage contract, and in furthering the welfare of the children involved, which is always of paramount concern, and in discharging the paramount duty of the court to consider and provide for the welfare of the children involved.

If such is the case, payment from the public treasury is logical.

In Opinions of Attorney General (1951), 723, No. 913, rendered November 9, 1951, it is said in part:

"If a Court of Common Pleas desires to appoint one or more investigators who shall be paid in a manner different from the formula set forth in Section 1693, General Code, it may do so by virtue of a court's inherent power to do those things necessary for the performance of its business, so long as such number of investigators are paid upon the allowance of the county commissioners in accordance with Section 2460, General Code, which provides:

" 'No claims against the county shall be paid otherwise than upon the allowance of the county commissioners, upon the warrant of the county auditor, except in those cases in which the amount due is fixed by law, or is authorized to be fixed by some other person or tribunal, in which case it shall be paid upon the warrant of the county auditor, upon the proper certificate of the person or tribunal allowing the claim.

No public money shall be disbursed by the county commissioners, or any of them, but shall be disbursed by the county treasurer, upon the warrant of the county auditor, specifying the name of the party entitled thereto, on what account, and upon whose allowance, if not fixed by law.' "

This court is in general agreement with the conclusion reached by the Attorney General. We are, however, of the opinion that under the exception in the statute payment may be made upon the warrant of the county auditor upon the proper certificate of the Common Pleas Court judge allowing the claim.

The judgment for costs is therefore modified, and the cause remanded for a retaxing of the costs in accordance with this opinion.

*Judgment accordingly.*

HILDEBRANT, P. J., and MATTHEWS, J, concur.