TERRY, APPELLANT, v. BURGER, APPELLEE.

(No. 27537—Decided April 28, 1966.)

*Messrs. Merkel, Campbell, Dill & Zetzer*, for appellant.
*Messrs. Johnson, Weston, Hurd, Fallon, Sullivan & Paisley*, for appellee.

WHITE, J. This is an appeal on a question of law from the Garfield Heights Municipal Court. In an action for the recovery of money for personal injuries arising out of a collision between automobiles operated by the respective parties, the defendant offered in open court and in the presence of the plaintiff to confess judgment for $500, and costs then accrued. Plaintiff, who sought a recovery to the extent of $7,500, refused defendant's offer. Upon trial before a jury a verdict for defendant was returned.

Defendant seasonably filed a motion to be awarded $200 as her costs incurred after the offer was made. One hundred fifty dollars was for the services of a medical witness at the

trial, and the balance was for the services of a court reporter. The trial judge granted the motion and entered judgment accordingly.

The sole question presented for determination is whether the allowance of such items of expense against the plaintiff is authorized by Section 2311.18, Revised Code. Plaintiff, appellant herein, contends that "costs" within the meaning of the statute is not synonymous with "expenses," hence the allowance of such expenses of trial incurred after the offer was made is not permissible. Defendant, appellee herein, urges that such items are "costs of the defendant incurred after the offer was made" and, therefore, are authorized by the statute.

It is settled in Ohio that items of expense incident to litigation can only be taxed as "costs" when authorized by some statute. *City of Euclid* v. *Vogelin* (1950), 152 Ohio St. 538; *Shuey* v. *Preston, Dir.* (1961), 172 Ohio St. 413. Generally speaking, the word "costs" is understood in reference to litigation to refer to the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. *State, ex rel Commissioners of Franklin County,* v. *Guilbert, Aud.* (1907), 77 Ohio St. 333, 338. In the Revised Code, authority for the taxation of such standard items is to be found in Chapter 2323 entitled "Judgment."

The statute in question is found in Chapter 2311, Revised Code, which is variously entitled "Pretrial Procedure" and "Preliminary Provisions." Section 2311.18 reads as follows:

"In an action for the recovery of money, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action. If, being present, the plaintiff refuses to accept such confession, in full of his demands against the defendant, or having had such notice that the offer would be made, of its amount, and the time of making it, as the court deems reasonable, he fails to attend, and on the trial does not recover more than was so offered to be confessed, with interest thereon from the date of the offer, he must pay *all costs of the defendant incurred after the offer was made.*" (Emphasis added.)

The statute was first enacted in 1852 and, except for minor changes in wording and the addition of the clause pertaining to

interest, remains unchanged to this day. 51 Ohio Laws 57, 143, Section 498; S & C 1095; Section 5141, Revised Statutes; Section 11394, General Code.

After its original enactment, the Supreme Court was soon confronted with the question of its purpose and meaning. Thus, in *Carpenter* v. *Kent* (1860), 11 Ohio St. 554, the court stated at page 558:

"The object of the provision, as thus expressed, is clearly, what has been already stated, to narrow down, not the issue in the case, but the *cause* for incurring further expense in litigating the claim. This is shown from the fact that, if the plaintiff refuse the offer of the defendant, be it ever so liberal, such offer can not be given in evidence to show the justness of the plaintiff's claim for any amount; and as the offer to thus suffer judgment for a given amount, could in no case be used as evidence of an amount due or a cause of action, but rather to buy peace and end litigation, it was not, by the code, required to be reduced to writing."

The provision that the offer to confess judgment shall not in anywise affect the trial still persists as a separate section of the Code. Section 2311.19, Revised Code. In *Carpenter,* the action was for $100, the offer to confess judgment was for $50, and the verdict was $36. It was held to be error to deny defendant his costs incurred after the offer was made. To the same effect are *Courtright* v. *Staggers,* (1864), 15 Ohio St. 511, and *Adams* v. *Phifer* (1874), 25 Ohio St. 301.

Where plaintiffs' recovery was only slightly less than defendant's offer in open court the trial court "properly adjudged defendant's costs accrued after the offers against the plaintiffs." *Cohoon* v. *Kineon* (1889), 46 Ohio St. 590. In support of its conclusion, the court reasoned as follows, at page 594:

"This construction works out justice between the parties. Had the plaintiffs accepted the offers, they would have had, adding interest, as much money as the verdict entitled them to. The statute is intended to impose the expense of litigation upon the party who wrongfully persists in continuing it. Its purpose is to discourage needless contention by placing on the litigious party the risk of having his final recovery reduced by a liability for his antagonist's costs. The litigation in this case proceeded to determine whether the plaintiffs were entitled to

recover a judgment for a greater sum than the amounts offered. The result showed that they were not; that beyond that amount plaintiffs' claim was groundless, and in equity, *and upon the reason of the statute*, plaintiffs should pay the costs made necessary by so unjustifiably prolonging the litigation." (Emphasis added.)

In *Fisher & Lanning* v. *Quillen* (1907), 76 Ohio St. 189, the offer was less than a dollar more than the verdict. The trial court awarded plaintiffs their costs to the date of the offer and assessed defendant's costs incurred after the offer against them. The Circuit Court held that plaintiffs were entitled to recover all the costs. The Circuit Court was reversed and the Court of Common Pleas was affirmed, the court observing that, while the general rule as to costs, in actions for money only, is that they shall be allowed, as a matter of course, to the plaintiff upon a judgment in his favor when it is not otherwise provided by statute, the offer-to-confess-judgment statute does otherwise provide.

The rule of the Ohio decisions seems then to be that where the conditions set forth in the statute in question are present the statute is to be applied without reserve. In the instant case all the conditions are present. Defendant is entitled to all her costs incurred after the offer was made. But may such costs include the fee of a medical witness and the charges of a court reporter? This precise question, having to do with items not usually included in cost bills, seems never to have before engaged the attention of the reviewing court. In none of the reported cases dealing with the statute in question has that exact question been dealt with. If costs, other than the usual ones, were involved in those cases, it seems that no issue was made as to whether they should or should not have been included.

Plaintiff's contention is that the word "costs" has a definite meaning in the statutes of Ohio and that its meaning cannot be expanded to accommodate the statute in question. We think this argument is untenable in view of the history of the statute and the doctrine of the cases decided thereunder. If indeed, as the Supreme Court has said, its very purpose is to narrow down the *cause* for incurring further expense in litigating a claim, and to impose the "expense of litigation" upon the

party who persists in continuing it, it is impossible to justly exclude items such as those in question. The testimony of a medical witness is an essential ingredient to the defense of any personal injury case in these times. Equally vital is the employ- ment of a court reporter where the court involved has no official reporter, as in the instant case. No question is raised herein as to the necessity or reasonableness of the items in question. The statute is a remedial one. If it is to be construed as claim- ed by plaintiff, it is without meaning or purpose for all practi- cal purposes. Interestingly enough the statute works both ways. Section 2311.20, Revised Code, makes its provisions avail- able to the plaintiff as well as the defendant. We are required to give it a liberal construction. Section 1.11, Revised Code. Heeding that mandate, we hold, therefore, that the fees of a medical witness and a court reporter were properly allowed as costs of the defendant incurred after the offer was made. While it may be conceded for the purpose of discussion that the statute is in such broad terms as to lend itself to abuse, we think con- trol against abuse resides of necessity with the trial court in the first instance.

Plaintiff further argues that the conclusion we have reach- ed would place an undue burden upon the assertion of claims in court by plaintiffs and is tantamount to a penalty not authori- zed by law. This claim is at least partially answered by Section 2311.20, Revised Code. An even more conclusive answer would seem to be afforded by the language of the Supreme Court in *Symons* v. *Eichelberger* (1924), 110 Ohio St. 224, where it is said at page 238:

"Costs are not at the present time considered as punish- ment. The modern theory is that costs are allowances authoriz- ed by statute to reimburse the successful party for expenses in- curred in prosecuting or defending an action or special pro- ceeding. They are in the nature of incidental damages allow- ed to indemnify a party against the expense of successfully as- serting his rights in court. *Forbes* v. *Chicago, R. I. & P. Ry. Co.*, 150 Iowa, 177, 129 N. W., 810, Ann. Cas. 1912D, 311; *Spores* v. *Maude*, 81 Or., 11, 16, 158 Pac., 169; *Apperson* v. *Insurance Co.*, 38 N. J. Law, 388. Being in the nature of damages, costs do not constitute a penalty."

There are other more recent cases from other jurisdictions which support the modern theory of costs. See 20 Corpus Juris Secundum 338 Costs, Section 82.

It follows that the items awarded to defendant here as her costs incurred after the offer was made, being reasonable and necessary in defending plaintiff's claim, were properly allowed by the trial court.

*Judgment affirmed.*

WASSERMAN, J., concurs.

CORRIGAN, P. J., dissenting. The specific question for decision before us, succinctly stated, is whether the word "costs" as used in Section 2311.18, Revised Code, includes the private, professional fee of a medical expert witness for attendance at the trial in the sum of $150, and a court reporter's fee for attendance at trial in the amount of $50.00.

The majority, for the reasons given in the opinion, answer this in the affirmative. I am compelled to dissent from their conclusion and judgment of affirmance on the grounds hereafter stated.

The section under consideration is found in the subchapter titled "Tender and Offer to Confess Judgment," Sections 2311.-14 through 2311.20, Revised Code. The first five of these sections relate to situations where tender or offer is made and provide how costs are affected thereby. Costs, in Ohio and elsewhere, are generally defined as the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution and which the statutes authorize to be taxed and included in the judgment or sentence. Costs were unknown to the common law. They are assessed only by authority of a statute. Expenses are not synonymous with costs and expenses are costs only when made so by statute.

It is inconceivable to this member of the court that the legislative intent in connection with Section 2311.18, Revised Code, was to include the professional witness fee of a medical expert as an item of costs, or the professional witness fee of any other expert. If such was the intention of the lawmakers, what rule would govern the amount of such a fee? One outstanding medical expert might easily establish the reasonableness of

several times the requested fee of Dr. Plotkin for being taken away from his practice to attend a trial as a witness. Who is to pass on such question of reasonableness? Traveling expenses for out-of-town witnesses often become essential in lawsuits, and would such be a proper item of costs in the instant case? Nonprofessional factual witnesses are usually paid for lost time from their occupations while in attendance as witnesses. Would such items of expense be assessed as costs if presented in the instant case? Unquestionably, attorneys' fees are the greatest item of expense in connection with litigation. Under our factual situation, could such expense incurred after the offer was refused by plaintiff be properly assessed as an item of costs against plaintiff?

Under certain circumstances the court is called upon to decide the legal issue of the admissibility of an expert witness's testimony. In such a situation, where the court rules such testimony inadmissible, and this occurs after an offer and confession of judgment has been made by one party and refused by the other, may the traveling expenses and witness fee of the professional expert be properly assessed as costs against the party refusing the offer if he fails to recover more than was so offered to be confessed?

The answer to each of these questions, posed here for the purpose of this dissenting opinion, is that such expenses may not be properly taxed as costs. Any other interpretation would create nothing but chaos in Ohio litigation.

The medical witness or any other witness receives a statutory fee which is to be taxed as part of the costs in the case by virtue of the provisions of Section 2335.06, Revised Code, "Witness fees in civil cases," which reads:

"Each witness in civil cases shall receive the following fees:

"(A) Three dollars for each day's attendance at a court of record, or before a judge of a County Court, mayor, or person authorized to take depositions, to be taxed in the bill of costs. Each witness shall also receive five cents for each mile necessarily traveled to and from his place of residence to the place of giving his testimony to be taxed in the bill of costs; on demand a witness shall be paid one dollar by the party at whose instance he is subpoenaed before being required to an-

swer said subpoena which shall be considered a part of any fees to which said witness is entitled;

"* * *."

The Municipal Court of Garfield Heights is governed as to costs by Section 1901.26, Revised Code, "Costs," which provides in part as follows:

"Costs in a Municipal Court shall be fixed and taxed as follows:

"(A) The Municipal Court, by rule, may establish a schedule of fees and costs to be taxed in any action or proceeding, either civil or criminal, which shall not exceed the fees and costs provided by law for a similar action or proceeding in the Court of Common Pleas.

"* * *

"(D) In any civil or criminal action or proceeding, witnesses' fees shall be fixed in accordance with Sections 2335.06 and 2335.08 of the Revised Code.

"* * *."

This last section does not include by specific mention other fees for a professional medical witness or fees for the attendance of a court reporter. Neither does the record before us reflect that fees for such services have been established by rule of the Municipal Court to be taxed as costs in the action. Further, in the view of this member of the court, a Municipal Court, in establishing a schedule of fees and costs pursuant to Section 1901.26, Revised Code, may not tax as part of the costs in any proceeding the fee of a medical doctor for attendance at trial as an expert for the defense. Section 2335.06, Revised Code, sets the only statutory fee provided for such witness.

Other instances where fees allowed as costs are assessed by virtue of a statute are found in Section 2101.07, Revised Code, fees of a special master commissioner in Probate Court; Section 2315.36, Revised Code, compensation of referees in Common Pleas Court; Section 2315.43, Revised Code, compensation of a master commissioner; Section 2333.27, Revised Code, compensation of referees, receivers and witnesses in proceedings in aid of execution to be taxed as costs; Section 2335.01, Revised Code, fees of commissioners and appraisers.

If the plaintiff in this case is to be saddled with these expenses, incurred by defendant, because he refuses, for whatever reason, to accept defendant's offer and confession of judg-

ment in a tort case, namely, a lawsuit in which plaintiff seeks to recover compensation for injuries sustained as a result of the alleged negligence of defendant arising out of an automobile accident, another important question is posed. What thereby becomes of plaintiff's right to a trial by jury under the Ohio Constitution, Section 5 of Article I, which provides:

"The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

In this regard, the second paragraph of the syllabus of *Gibbs* v. *Village of Girard* (1913), 88 Ohio St. 34, states:

"The right of trial by jury, being guaranteed to all our citizens by the Constitution of the state, cannot be invaded or violated by either legislative act or judicial order or decree."

Is plaintiff to be coerced by the ominous specter of an expensive costs buildup of witnesses by the other side because he justly evaluates his cause of action at a higher settlement figure than the offer and confession of judgment? Is plaintiff to be subjected to the foreboding anxiety of achieving a Pyrrhic victory in his lawsuit if he does not accept the opposing side's offer? If the interpretation applied to the statute under consideration here by the majority of this court is permitted to stand, then the answer to these last two queries is in the affirmative. In that case, in the opinion of this member of the court, Section 2311.18, Revised Code, is unconstitutional as being an interference with plaintiff's right under Ohio's Constitution to have his trial by jury in this case kept sacred or inviolate. Any pretrial procedure, such as this provided for in such section, which restricts this constitutional guarantee, is violative thereof. Of tantamount importance would be the infringement of plaintiff's rights as guaranteed by Article VII, Amendments, United States Constitution, which provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."

For these reasons, in my opinion, the judgment of the court below should be reversed and the case remanded with instructions to overrule the motion to tax costs filed by defendant.