BARRETT ET AL., APPELLANTS, *v.* THE SINGER
COMPANY, APPELLEE.

(No. 78-1544—Decided October 31, 1979.)

*Messrs. Beall, Hermanies & Bortz, Mr. Walter Bortz, Mr. Walter Beall, Mr. Ronald D. Major* and *Mr. Peter J. Randolph,* for appellants.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. J. Kenneth Meagher,* for appellee.

LOCHER, J. The sole issue to be resolved in this cause is whether the expense of videotape depositions which are not used as evidence at trial shall be taxed as costs in the action or must be borne by the party taking such depositions.

Ohio case law has formulated the policy that depositions taken *de bene esse,* but not actually used at trial, shall *not* be taxed as a cost of the action.

In *Fairchild* v. *Lake Shore Elec. Ry. Co.* (1920), 101 Ohio St. 261, this court stated, in paragraph three of the syllabus, that:

"***Either party may take depositions while error proceedings are pending in a reviewing court to reverse the judgment of the trial court. *If such depositions are not used, the expense of taking them cannot be taxed in the costs of the case.*" (Emphasis added.)

*Fairchild, supra,* dealt with a unique factual situation in which a party who took written depositions after a cause had been tried, but while still on appeal, wanted the expense of the depositions taxed as costs of the action. The court formulated the foundation for not taxing the expense of taking depositions as costs when it cited the following from *Long* v. *Straus* (1890), 124 Ind. 84, 85, 24 N.E. 664, at page 271:

" '***They [proponents] are not bound to take the risk of losing the testimony; but had there been no opportunity for using it they would have been compelled to pay the costs of securing it.' "

Notwithstanding this factual setting, the Court of Appeals for Lucas County, in *Searles* v. *Union Central Life Ins. Co.* (1936), 55 Ohio App. 85, cited *Fairchild* and held that the expense of a deposition which was not used by either party at trial must be borne by the party taking that deposition.

The question was again presented in *Hamman* v. *Witherstine* (1969), 20 Ohio Misc. 77, in which the Court of Common Pleas stated:

"There have been many courts of appeals decisions concerning the propriety of taxing the expense of the taking of depositions as part of the court costs in an action.

"The consensus of the courts of appeals seems to be that the expense of depositions may be included in costs if the depositions are used. *Maranda* v. *Dugan,* 73 Ohio Law Abs. 471; *Searles* v. *Union Central Life Ins. Co.,* 55 Ohio App. 85; \*\*\**Shaw* v. *Ohio Edison Installation Co.,* 9 Ohio Dec. Rep. 809; *Fairchild* v. *Lake Shore Elec. Ry. Co.,* 101 Ohio St. 261."

Thus, the judicial decisions prior to the adoption of the Ohio Rules of Superintendence reveal that the expense of depositions taken *de bene esse* is to be taxed as costs only if the depositions were used at trial, *unless* there are overriding considerations. \*

In contrast, the federal policy in determining whether to tax the expense of taking depositions as costs is left to the sound discretion of the trial judge.

10 Wright & Miller, Federal Practice and Procedure: Civil, 206, Costs, Section 2676, notes that:

"\*\*\*If it was reasonable to take a deposition as part of the pretrial preparation of a case, the fact that it was not used in evidence at the trial merely should be one circumstance among many used in determining whether to allow the item as a taxable cost. Perhaps the soundest, although not the simplest, approach is to require a deliberate, careful and patient consideration of the reasonableness of the discovery ef-

---

\* In *Thornton* v. *Mid America Finance & Loan Co.* (1964), 8 Ohio App. 2d 229, the expense of taking depositions was held to be taxable as costs in the action. The court, at page 230, concluded that:

"The depositions were not taken [by the defendant] *de bene esse* (that is, no anticipation of future need) but were taken to formulate a defense. The effect of the court's ruling is to saddle the defendant with these substantial costs, leaving the plaintiff free to refile her cause. We find that the depositions were taken in good faith and were a necessary adjunct to the preparation of defendant's case.\*\*\*"

This unique factual setting mandated that the expense of the depositions be taxed as costs in order to avoid an inequitable result, whereby the defendant would have been penalized for plaintiff's failure to file a fifth amended complaint. This failure to file had resulted in the trial court's dismissal of the action which made it impossible to use the same depositions in the case.

fort in light of the circumstances of the particular case, as well as a determination of the deposition's utility in assisting a resolution of the contested issues. This analysis requires the court to consider the necessity and propriety of incurring the expense, as well as other equitable considerations, in terms of the situation existing at the time the deposition was taken."

Effective September 1, 1972, the Supreme Court of Ohio adopted Sup. R. 15 to establish uniform standards and rules regarding the recording and utilization of videotape depositions as permitted in Civ. R. 30 (B) (3).

Sup. R. 15 (A), in defining the scope of the rule, provides that it apply to all trial courts of record in this state in the *reception and utilization* of testimony and other evidence recorded on videotape. Pre-superintendence case law, as noted above, is consistent with Sup. R. 15 (A) in requiring actual use of the depositions at trial as a prerequisite to allowing the expense of taking those depositions to be taxed as costs in the action.

Appellants contend that Sup. R. 15 (F) (1) (b), which provides that "[t]he reasonable cost of recording the testimony on the videotape shall be treated as costs in the action," dictates that the expense incurred in preparing the videotape deposition, even though not actually used at trial, is to be included as costs in the action.

Noting the scope of Sup. R. 15, the Court of Appeals below determined that Sup. R. 15 (F) (1) (b) is not applicable in the cause *sub judice,* since the trial court did not " 'receive or utilize' " any testimony or other evidence recorded on videotape by either the plaintiffs or the defendant inasmuch as the parties voluntarily entered into a settlement before trial.

Additional sections of Sup. R. 15 follow the policy of utilization and reception at trial of the videotapes before the expense thereof can be considered costs of the action. For example, Sup. R. 15 (F) (1) (e) provides that "[t]he cost of *playing* the videotape recording for the purpose of ruling upon objections shall be treated as costs in the action." (Emphasis added.) The actual playing of the videotape for court purposes would amount to a utilization and reception of the same by

the trial court. (It is not synonymous with "recording" the testimony on videotape.)

The rationale for not permitting a party to tax the expense of depositions taken *de bene esse,* but not actually used at trial, as costs in an action was addressed by Judge Peter Outcalt, the trial judge, in a letter to the attorneys of record, which stated, in pertinent part:

"To tax to costs the expense of depositions not used in trial might tend to discourage the 'reasonable exercise' of taking depositions; spendthrift counsel might injudiciously multiply the number of depositions taken with little regard for expense, comfortable in the knowledge that such expense would be taxed as costs.

"* * *

"We see no reason to distinguish written depositions from videotape depositions, and plaintiffs offer no persuasive reason to do so."

The Court of Appeals, in its decision and judgment entry, noted that "* * * even if Sup. R. 15 were not expressly limited in its application, we would be reluctant to hold that Sup. R. 15 (F) (1) (b) creates an exception to the general rule in the case of videotape as opposed to stenographic depositions, absent a specific and unequivocal direction to that effect in the rule itself.* * *"

Parties to a lawsuit have the option of presenting evidence at trial by either videotape deposition or deposition taken stenographically. We also fail to see why there should be any difference in the manner of taxing the costs incurred in taking a videotape or a stenographic deposition. Deposition costs are expenses of litigation to be borne by the parties taking those depositions, and, if a party opts for the more expensive method of deposing a witness, such party should bear that cost as he would if the same deposition was taken stenographically.

Accordingly, for the reasons stated above, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.