**VASSIL, Appellee and Cross–Appellant,**

**v.**

**ABLE FENCE & GUARD RAIL, INC., Appellant and Cross–Appellee.**

[Cite as *Vassil v. Able Fence & Guard Rail, Inc.*, (1992), 81 Ohio App.3d 533.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60757.

Decided June 29, 1992.

*Schulman & Schulman Co., L.P.A.,* and *Howard A. Schulman; Yulish, Twohig & Assoc. Co., L.P.A.,* and *Gerald Horning,* for appellee and cross-appellant.

*Gallagher, Sharp, Fulton & Norman, D. John Travis* and *Robert H. Eddy,* for appellant and cross-appellee.

BLACKMON, Judge.

I

Appellant, Able Fence and Guard Rail, Inc. ("Able"), appeals the judgment of the Cuyahoga County Court of Common Pleas which granted in part appellee's, Sonja Vassil's, motion to tax costs. Appellee also cross-appeals from the same judgment of the court, which denied in part her motion to tax costs. For the reasons that follow, we reverse in part and affirm in part.

## II

Sonja Vassil ("plaintiff") filed a negligence action against Able ("defendant") in October 1987. At the conclusion of the case in chief, the jury found in favor of Sonja Vassil in July 1990.

On September 5, 1990, plaintiff filed a post-trial motion to tax necessary litigating expenses as costs. Plaintiff filed the following category of expenses as necessary litigating expenses: (1) cost of depositions of lay witnesses, $3,753.90; (2) cost of depositions and fees of expert witnesses, $11,685.80; (3) cost of the transcript of depositions of two physicians who treated the victim in the within case, $672.75[1]; (4) cost of exhibits admitted into evidence, $9,031.39; (5) cost of exhibits used at trial but not admitted into evidence, $2,762.37. The trial court granted plaintiff's motion as to the first two categories and the other categories were denied.

We shall first address Able's direct appeal.

Appellant Able's sole assignment of error is as follows:

"The trial court erred in granting plaintiff's motion to tax costs.

"A. A court may not, without statutory authorization, tax an expense as a cost."

Appellant argues in his sole assignment of error that the trial court exceeded its discretionary authority in awarding certain costs as litigating expenses to appellee, pursuant to Civ.R. 54(D). Civ.R. 54(D) states as follows:

"Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

Until recently, it has been the tradition in Ohio to tax as costs only those costs allowed by statute. *State ex rel. Commrs. of Franklin Cty. v. Guilbert* (1907), 77 Ohio St. 333, 83 N.E. 80; *Euclid v. Vogelin* (1950), 152 Ohio St. 538, 41 O.O. 85, 90 N.E.2d 593. The Ohio Supreme Court in *Euclid, supra,* held that "[c]osts were unknown to the common law. They are authorized only by statute." *Id.* at 544, 41 O.O. at 88, 90 N.E.2d at 596. See, also, *Smith v. Smith* (1952), 93 Ohio App. 294, 51 O.O. 45, 114 N.E.2d 480; *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197.

In recent decisions, however, Ohio courts have shown willingness to expand recovery of costs to those expenses outside the traditional meaning of costs.

---

1. We note that the depositions were conducted by the defendant and not the plaintiff.

See *Terry v. Burger* (1966), 6 Ohio App.2d 53, 35 O.O.2d 156, 216 N.E.2d 383; *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218, holding that:

"The consensus of the courts of appeals seems to be that the expense of depositions may be included in costs if the depositions are used." *Id.* at 9, 14 O.O.3d at 123, 396 N.E.2d at 219. See, also, *Thornton v. Mid–American Finance & Loan Co.* (1964), 8 Ohio App.2d 229, 29 O.O.2d 312, 196 N.E.2d 332; *Fairchild v. Lake Shore Elec. Ry. Co.* (1920), 101 Ohio St. 261, 128 N.E. 168.

In the case *sub judice*, appellee, as the prevailing party, filed a motion seeking to have costs assessed against appellant per Civ.R. 54(D), submitting the following argument and figures in support:

"1. Depositions of Essential Witnesses

"With the exception of what happened inside the accident vehicle, plaintiff did not have any personal knowledge of the necessary facts surrounding this accident that would have to be proven at trial. Consequently, it was necessary to conduct the depositions of at least fourteen witnesses in order to determine what happened in the accident, why the guard rail was missing, how long the guard rail had been down and how much guard rail had been left down on the night of May 12, 1987. Plaintiff was required to depose the three Strongsville police officers, the eight Able Fence and Guard Rail employees who were listed by defendant as working on the site at that time, and the project inspector and project engineer for the Ohio Department of Transportation who were in charge of the work. In addition, plaintiff had to depose defendant's supervisor, Mr. Donald Zadorosny, in order to determine defendant's procedures and its safety practices. The deposition of one of defendant's employees, Mr. Alan Finnerty, was actually read to the jury because Mr. Finnerty died prior to the date of trial. The two depositions of Mr. Zadorosny provided the basis for virtually all of the questions asked of Mr. Zadorosny on cross-examination during the plaintiff's case in chief.

"Clearly, all of these were 'necessary litigating expenses.' Plaintiff could not have proved her case without conducting these depositions.

"Plaintiff has attached to the Affidavit of Howard A. Schulman, all of the invoices for the costs of these depositions. Those costs, and the depositions to which they relate, are as follows:

| | |
|---|---:|
| "Strongsville Police | $ 597.30 |
| "Sgt. Charles Goss | |
| "Officer William Phillips | |
| "Officer Jerome Mondak | |
| | |
| "Service of Deposition Subpoenas | 167.80 |
| | |
| "Depositions of Able Employees | 913.80 |
| "Alan Finnerty | |
| "Tom Arnold | |
| "Fred Reer | |
| "Mark Loudy | |
| "Michael Fanara | |
| "Greg Arnold | |
| | |
| "Deposition of Donald Zadorosny | 551.90 |
| | |
| "Deposition of Donald Zadorosny as representative of Able Fence | 528.70 |
| | |
| "Deposition of Employees of Ohio Department of Transportation | 805.15 |
| "Two remaining Able Fence Employees | 164.25 |
| "Daniel Petopsky, Jr. | |
| "Thomas Trescott | |
| "Mike Souslin | |
| "James Chapin | |
| | |
| "Filing Deposition of Alan Finnerty | 25.00 |

| | |
|---|---:|
| "TOTAL | $3,753.90 |

---

"2. *Expenses of Depositions of Defendant's Experts*

"Defendant identified seven expert witnesses as individuals that defendant intended to call at the trial of this action. There is no question that the expenses of conducting these depositions are 'necessary litigating costs.' The deposition of an opposing party's expert witness is a requirement for trial preparation. Plaintiff's counsel is not aware of any attorney in Cleveland, Ohio who would proceed to trial without having conducted the depositions of the opposing party's experts. It would probably be considered malpractice for an attorney to try a case without having deposed the other party's experts.

"In addition to the costs for the court reporter's attendance and the transcript of each deposition, plaintiff incurred the cost of the charges for the time of defendant's expert witnesses. These expenses are also obviously 'necessary litigating expenses.' Plaintiff would not have been allowed to conduct the depositions of these witnesses if she had not paid for their time.

"Plaintiff also incurred the cost of her counsel's expenses of travel to two of these depositions, one in Hanover, New Hampshire and one in San Antonio, Texas. Obviously, these travel expenses were 'necessary litigating costs.' Plaintiff's counsel was compelled to pay those travel expenses in order to conduct the depositions. The only alternative would have been for defendant's expert witnesses to travel to Cleveland for the depositions, in which case plaintiff's counsel would have had to have paid *those* travel expenses, in addition to the witness's time charges for travel. Obviously, the travel expenses incurred by plaintiff's counsel were the lest expensive alternative.

"Defendant identified three 'liability' experts as witnesses (James Rushin, Maurice Bronstad and William Jackman) it intended to call at trial. Plaintiff's depositions of these three witnesses were so successful that defendant did not call any of them at trial. Obviously, these depositions were vital to plaintiff's case, because they eliminated the testimony in opposition to plaintiff's expert witness, Mr. Roy Anderson. Plaintiff was also successful in eliminating one of defendant's medical experts (Dr. Howard Tucker) as a result of the deposition conducted of him.

"Plaintiff has attached the invoices for the depositions of defendant's experts, together with their invoices for their deposition time to the Affidavit of Howard A. Schulman. In addition, that Affidavit recites the travel expense for the two depositions in New Hampshire and Texas. The itemized costs for these depositions are as follows:

"A. Defendant's Liability Experts:

| | | |
|---|---|---:|
| "James Rushin | Deposition Cost | $ 851.00 |
| | Deposition Fee | 297.00 |
| "Maurice Bronstad | Deposition Cost | 1,118.38 |
| | Deposition Fee | 1,050.00 |
| | Travel Expense | 673.78 |
| "William Jackman | Deposition Cost | 1,135.10 |
| | Deposition Fee | 900.00 |

"B. Defendant's Medical Experts:

| | | |
|---|---|---:|
| "Dr. Howard Tucker | Deposition Cost | 745.00 |
| | Deposition Fee | 750.00 |
| "Dr. Maurice Victor | Deposition Cost | 871.25 |
| | Deposition Fee | 1,250.00 |
| | Travel Expense | 433.59 |
| "Dr. Charles Lanzieri | Deposition Cost | 207.00 |
| | Deposition Fee | 750.00 |
| "Dr. John Girvin | Deposition Cost | 653.70 |
| | "TOTAL | $11,685.80" |

■    Appellee relies on our decision in *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791, wherein we stated in paragraph two of the syllabus:

"As much of the funds expended by a party as are necessary and vital to the litigation must be characterized as taxable litigating expenses which will normally be awarded as costs to the prevailing party pursuant to Civ.R. 54(D). In most cases, all litigating expenses shall be awarded as costs. A trial court's discretion to disallow costs is thus limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party."

The nucleus of our decision in *Jones, supra,* is to highlight the recent trend in case law that "evidence[s] a willingness of the courts to allow a prevailing party to recover some expenses outside the traditional meaning of costs." *Id.* at 448, 2 OBR at 544, 442 N.E.2d at 794. See *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 215, 21 OBR 228, 230, 487 N.E.2d 347, 348; see, also, *Barrett, supra.* *Jones* does not stand for the proposition that a sweeping change in court costs has been born in Ohio courts where everything expended for trial is taxed as costs in favor of the prevailing party, as appellee would want this court to hold. At the same time we are not persuaded by appellant's argument that *Jones* was incorrectly decided by this court and as such is ripe to be overruled.

Appellant specifically faults our interpretation of Civ.R. 54(D) in *Jones,* wherein this court stated: "A review of the rule reveals, however, its clear meaning: that all litigating expenses will ordinarily be allowed to the prevailing party as costs." *Id.* at 449, 2 OBR at 545, 442 N.E.2d at 794. This interpretation, as disappointing as it may be to appellant, is consistent with Civ.R. 54(D) and the Staff Note to Civ.R. 54(D). Therefore, the trial court has the discretion of determining what items may or may not be characterized and assessed as litigating costs outside those specifically allowed by statute or case law.

This discretion must not be interpreted to deviate from the common understanding of *Jones* and relevant cases that taxing costs must be sparingly applied where it is not authorized by statute, Civil Rule or rule of decision. See *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 573 N.E.2d 1078; *Barrett* and *Jones, supra.* See, also, *Gold, supra.* The test is not a party's averment that an expense is a necessary litigating expense because every expense incurred in trying a case is arguably a necessary litigating expense. The trial court must examine the expenses within the contents of each case and determine which expenses are taxable, bearing in mind that Civ.R. 54(D) is not to be

construed as a "tax all" provision. We must reiterate that *Jones* did not create a fixed rule but rather a recognition that within the context of a particular case, it may not be unreasonable to tax all expenses as costs, while in others the trial court may not tax any expense as costs. See *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925.

■ Appellee argues that the expenses she incurred in obtaining various depositions from witnesses, only a few of whom testified at trial, are necessary litigating expenses. Appellee further argues that some of the depositions provided the basis for virtually all of the questions asked on cross-examination of one of the witnesses. In *Fairchild, supra,* the Ohio Supreme Court held:

" * * * Either party may take depositions while error proceedings are pending in a reviewing court to reverse the judgment of the trial court. *If such depositions are not used, the expense of taking them cannot be taxed in the costs of the case.*" (Emphasis added.) *Id.* at paragraph three of the syllabus.

Although the *Fairchild* court dealt with a unique situation, the ultimate conclusion is the same: deposition expenses are not taxed as costs when the deposition is not used at trial.

■ The issue is what constitutes use under the *Fairchild* and the *Jones* standards. The following case law gives some guidance. In *Hamman v. Witherstine* (1969), 20 Ohio Misc. 77, 49 O.O.2d 126, 252 N.E.2d 196, the court held:

"There have been many courts of appeals decisions concerning the propriety of taxing the expense of the taking of depositions as part of the court costs in an action.

"The consensus of the courts of appeals seems to be that the expense of depositions may be included in costs if the depositions are used." *Id.* at 77, 49 O.O.2d at 126, 252 N.E.2d at 197.

The Ohio Supreme Court in *Barrett, supra,* held:

"Thus, the judicial decisions prior to the adoption of the Ohio Rules of Superintendence reveal that the expense of depositions taken *de bene esse* is to be taxed as costs only if the depositions were used at trial, *unless* there are overriding considerations." (Emphasis *sic*; footnote omitted.) *Id.,* 60 Ohio St.2d at 9, 14 O.O.3d at 123, 396 N.E.2d at 219.

The court in *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 261, 18 OBR 314, 316, 480 N.E.2d 1101, 1103, held that:

"The usual practice of courts in civil proceedings does not allow a claimant or plaintiff to recover the cost of a deposition if it is not used in evidence." See, also, *Rice v. Dudick Corrosion–Proof* (1989), 57 Ohio App.3d 156, 567 N.E.2d 315, syllabus.

Thus, the word "use" as contemplated by case decisions is that the deposition be actually introduced and admitted into evidence, before its expense could be recovered as costs. In the case *sub judice*, the taxing of the various deposition expenses are inconsistent with our decision in *Jones* and other decisions. The record shows that the depositions were not introduced into evidence but were merely used for trial preparation. We equally fail to see any overriding consideration that warranted the exercise of the trial court's discretion to tax the depositions as necessary litigation expenses.

Appellant further argues that the trial court erred in awarding expert witness fees and travel expenses as costs. We agree. Ohio case law as it stands today is clear in its interpretation of award of expert fees and travel expenses without statutory authority. The Ohio Supreme Court in *Moore, supra*, held that:

"It is important to note that without statutory provision, a trial court should not tax an expert's witness fee as costs. See *Benda v. Fana* (1967), 10 Ohio St.2d 259 [39 O.O.2d 410, 227 N.E.2d 197]. It has further been held that the transcribing and reporting costs for a deposition of an expert may not be recoverable as costs if the deposition is not introduced as evidence. See *Searles v. Union Central Life Ins. Co.* (1936), 55 Ohio App. 85 [8 O.O. 358, 8 N.E.2d 586]; *Fairchild v. Lake Shore Electric Co.* (1920), 101 Ohio St. 261, [128 N.E. 168], at paragraph three of the syllabus." *Moore, supra*, 18 Ohio St.3d at 260–261, 18 OBR at 315–316, 480 N.E.2d at 1102.

■ Appellee argues that the depositions of the experts were necessary to the preparation of her case. That may be so and we do not intend to devalue the importance of expert witnesses in litigation. However, for cost recovery purposes in a civil litigation, expert fees and expenses are not recoverable. See *Eastin v. Eastin–Rossi* (Dec. 1, 1988), Cuyahoga App. No. 54660, unreported, 1988 WL 128231. Expert witness fees and expenses may be taxed as costs only in an extreme situation to serve the ends of justice, an example of which may be where a party's conduct in a trial compels the other to hire an expert he would not otherwise need. Since the record of the case *sub judice* does not call for such an extreme measure, the trial court's allowance of appellee's expert witnesses fees and expenses is improper. The record also shows that the depositions of appellee's expert witnesses were not introduced into evidence. It is, therefore, also disallowed.

Accordingly, appellant's sole assignment of error is sustained and the trial court's judgment allowing appellee's expenses to be recovered as costs is reversed.

### III

Appellee cross-appeals as follows:

"The trial court abused its discretion when it denied all of the costs of exhibits that the trial court had acknowledged to be relevant by admitting them into evidence."

■ Appellee/cross-appellant argues that the trial court erred by not allowing the expenses she incurred in obtaining exhibits to be taxed as costs. She presented the following figures and arguments to the trial court in her motion to tax expenses:

"Exhibits Admitted Into Evidence

"Plaintiff seeks to tax as costs the expense of obtaining or creating plaintiff's exhibits that were actually admitted into evidence at the trial of this action. Those exhibits and their costs as demonstrated by the invoices attached to the Affidavit of Howard A. Schulman, are as follows:

| | | |
|---|---|---|
| "Aerocon | Aerial Photograph (Exhibits 54 and 55) | $  215.47 |
| "Strongsville Police | Accident Photograph (Exhibits 19–53) | 255.00 |

"Plaintiff's Medical Records

| | |
|---|---|
| "Southwest General (Sonja Vassil) (Exh. 150) | 21.50 |
| "Southwest General (Deborah McCaskey) (Exh. 125) | 29.50 |
| "Southwest General (CT SCAN) (Exhs. 139 & 140) | 56.00 |
| "Metro General (Exh. 126) | 1,069.25 |
| "Metro General (1989), (Exh. 133) | 288.65 |
| "Southwest Healthcare Center | |
| "Lake Erie Institute of Rehabilitation (Exh. 128) | 314.75 |
| "Hamet Medical Center (Exh. 129) | 76.50 |
| "Miller Nursing Home (Exh. 130) | 18.10 |
| "Sunny Acres (Exh. 131) | 438.00 |
| "Metro General (CT SCAN) | 472.00 |
| "Meridia Suburban Hospital (Exh. 132) | 106.30 |

"Litigaide Photos

| | |
|---|---|
| "May 1987 photos of Sonja Vassil, Deborah McCaskey and the accident vehicle (Exhs. 117–124, 60–63) | 218.95 |
| "May 1990 photos of Deborah "McCaskey in Sunny Acres (Exhs. 97–116) | 563.59 |
| "May 1989 photos and video of accident scene and guard rail shadows (Exhs. 65–74) | 244.50 |
| "State of Ohio Contract Specifications (Exh. 7) | 6.00 |
| "Photographs taken by William Vassil (Exhs. 56–59) | 37.99 |
| "U.S. Naval Observatory (Record of Sunset) (Exh. 17) | 20.00 |
| "Dr. White's Medical Illustrations (Exhs. 143 and 144) | 4,296.18 |
| "AC Color Lab (Photo Enlargements) | 191.53 |
| (Exhs. 10, 56a, 56n, 57a, 58a, 58b, 59a, 60a, 62a and 63a) | 91.93 |

|  | | |
|---|---|---|
| | "TOTAL | $9,031.39 |

"All of these exhibits were actually offered and admitted into evidence and presented to the jury. Each of the costs necessary to obtain or to create these exhibits was a 'necessary litigating expense.' Each of these exhibits was relevant, material and probative, or they would not have been admitted into evidence. These expenses should be taxed as costs to be assessed against defendant in this action.

"5. Exhibits Used at Trial

"In addition to the costs of exhibits admitted into evidence, plaintiff also incurred the expenses of other necessary exhibits that were used at the trial, but were not admitted into evidence. These expenses are as follows:

| "B & O Auto | Transportation of Accident Vehicle to Court | $350.00 |
| "Litigation Visuals | Bar Graph to Explain Defendant's Hours of Work (Exh. 19) | 338.00 |
| "Ad Photo, Morris Graphics | Blow-ups of pages from exhibits 1, 3–3e, 4–4i, 5, and 7 | 1,123.79 |
| | | 74.90 |
| | | 80.25 |
| | | 64.20 |
| | | 96.30 |
| | | 198.49 |
| | | 68.94 |
| | | 367.50 |

"TOTAL $2,762.37

"While these exhibits were not introduced into evidence, they were essential to plaintiff's presentation of her case to the jury. In order to prove liability in this action, plaintiff had to question many witnesses at length about the work actually performed, the hours of work performed, etc. on several days relevant to this action."

---

We would like to emphasize that court costs as allowed by Civ.R. 54(D) are not intended to be treated as a supplement to actual damages in a civil litigation; neither should they be a mechanism to obtain a windfall just because a party is victorious. Every party in a litigation should be and is expected to absorb certain costs of the litigation and should not use the provisions of Civ.R. 54(D) as a means to shift absorbable costs of a litigation to the nonprevailing party. If we sustain appellee's argument, we cannot see anything that prevents a prevailing party from taxing as costs the salary paid to a secretary or a paralegal which can be directly attributed to the preparation of the case in chief. Even appellee/cross-appellant will agree that such would constitute an abuse of Civ.R. 54(D). Accordingly, appellee/cross-appellant's assignment of error is overruled.

The trial court's judgment granting the first two categories of expenses as litigation costs, as stated *supra,* is reversed.   The judgment denying the remaining categories as costs as also stated *supra* is affirmed.

*Judgment accordingly.*

SPELLACY, J., concurs.

JOHN F. CORRIGAN, P.J., concurs in judgment only.