THE STATE, EX REL. GRAVILL, APPELLANT, ET AL., *v.* FUERST, CLERK, ET AL., APPELLEES.

[Cite as State, ex rel. Gravill, *v.* Fuerst (1986), 24 Ohio St. 3d 12.]

(No. 85-1149—Decided May 14, 1986.)

*N. Norman Gravill,* pro se.

*John T. Corrigan,* prosecuting attorney, and *Patrick J. Murphy,* for appellees.

*Per Curiam.* The issue is whether the court of appeals abused its discretion in limiting the attorney fees awarded to a prevailing party in a mandamus action to the costs assessed against respondents therein.

Appellant argues that he was entitled to costs as the prevailing party under Civ. R. 54(D) independent of the receipt of attorney fees. Additionally, appellant emphasizes that his action was brought on behalf of other unnamed litigants entitled to recover interest on their costs which was the substance of the mandamus action.

Civ. R. 54(D) states that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Appellant's reliance on this provision is thus misplaced as the rule is not a grant of absolute right for court costs to be allowed to the prevailing party much less a grant of right to attorney fees.

The mandamus action was by its nature and, as statutorily required, by R.C. 2731.04, brought in the name of the state. Its benefit to others likewise situated offers no more or less entitlement to costs simply because appellant designated in his amended complaint "* * * [a]ll other litigants who are entitled to recovery of their costs in any judicial proceeding" than the action would have afforded absent such designation.

Nor is this a taxpayer's action, as in *State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37 [63 O.O.2d 79], expressly authorized by R.C. 733.59. In *White,* this court had before it R.C. 733.61 which permits a court hearing such taxpayer's action to exercise discretion as to the allowance of attorney fees where the requirements of that statute are also

met. *White* only supports the exercise of discretion as to an allowance of attorney fees pursuant to the requirements of R.C. 733.59 and 733.61. In addition to the inapplicability of *White* to the mandamus action herein, we find appellant has not demonstrated any abuse of discretion by the court of appeals in assessing costs in favor of appellant as attorney fees. Appellant, an attorney, represented himself, and made no claim of attorney fees paid to other counsel.

For reason of the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.