GNEPPER et al., Appellees,

v.

BEEGLE, Appellant.

[Cite as *Gnepper v. Beegle* (1992), 84 Ohio App.3d 259.]

Court of Appeals of Ohio,
Hancock County.

No. 5–92–6.

Decided Dec. 15, 1992.

*Stephen F. Korhn* and *Marc F. Warncke,* for appellant.

*Randall S. Bendure,* for appellees.

EVANS, Judge.

This is an appeal by the defendant, Lance T. Beegle, from a judgment of the Court of Common Pleas of Hancock County awarding $2,656.82 in court costs in favor of the plaintiff, Dwight L. Gnepper.

On August 21, 1989, Dwight Gnepper filed a complaint against Lance Beegle, alleging negligence as a result of an automobile accident. Through the course of pretrial negotiations, the defendant admitted his negligence, leaving only the amount of a damage award to be determined by a jury.

Prior to trial the defendant requested that the plaintiff submit to an independent medical examination by Dr. Radabaugh, Jr., a board-certified chiropractic consultant. After the examination, which took place on April 24, 1990, Dr. Radabaugh provided a written report of his findings to the defendant, who forwarded a copy of the report to the plaintiff. The report indicated that plaintiff's condition was primarily the result of osteoarthritis and was not related to the accident. As a result of Dr. Radabaugh's conclusions, the plaintiff filed a notice to depose Dr. Radabaugh. The notice was filed by the plaintiff on November 2, 1990, and indicated that the deposition was scheduled to take place on December 10, 1990. A second deposition of Dr. Radabaugh was later requested by the defendant, as evidenced by the defendant's "Notice to take Video Deposition," filed with the court on April 22, 1991. This second deposition took place on May 8, 1991, with the defendant conducting a direct examination and the plaintiff cross-examining the witness.

On May 6, 1991, the parties also took the video deposition of Dr. Felton, M.D., the plaintiff's family physician. Dr. Felton testified that the plaintiff suffered from cervical and lumbar strain resulting from the accident.

A two-day jury trial was convened on May 13 and 14, 1991. At the trial the plaintiff showed the jury Dr. Felton's videotaped deposition. The plaintiff also called Dr. Griffin, the chiropractor who treated him, to testify that his back condition was aggravated as a result of the accident. The only witness the defendant called was Dr. Radabaugh, who testified that the plaintiff's condition was the result of osteoarthritis. The jury awarded the plaintiff $10,000 in

damages. The plaintiff's wife was awarded $1,000 for her loss of consortium claim against the defendant.

Thereafter, the plaintiff filed a motion to tax costs against the defendant. The motion identified the following as litigation expenses to be taxed as costs in the case:

| | | |
|---|---|---:|
| "1. | SeaGate Reporting's charge for Plaintiff's discovery deposition of Defendant's expert, Dr. Radabaugh [taken on December 10, 1990]. | $ 253.10 |
| "2. | SeaGate Reporting's attendance charge at Plaintiff's discovery deposition of Defendant's expert, Dr. Radabaugh [taken on December 10, 1990]. | 105.00 |
| "3. | SeaGate Reporting's charge for transcript of Plaintiff's discovery deposition of Defendant's expert, Dr. Radabaugh [taken on May 8, 1991]. | 131.65 |
| "4. | Defendant's expert, Dr. Radabaugh's charge to Plaintiffs for his discovery deposition [given on December 10, 1990]. | 1,274.00 |
| "5. | SeaGate Reporting's charge for Plaintiff's deposition of Dr. Felton [taken on May 6, 1991]. | 509.47 |
| "6. | SeaGate Reporting's charge for video tape deposition of Dr. Felton [taken on May 6, 1991]. | 403.60 |
| "7. | Dr. Felton's bill to Plaintiffs for his video deposition [given on May 6, 1991]. | 400.00 |
| "8. | Dr. Griffin's charge to Plaintiffs for his preparation and court appearance. | 1,000.00 |
| | "TOTAL | $4,076.82" |

Although the plaintiff's motion to tax costs identifies items one, two, three and four as if they were costs arising out of a single deposition of Dr. Radabaugh, the billing statements issued from the reporter indicate that there were in fact two separate depositions of Dr. Radabaugh. The first deposition precipitated the charges identified as items one, two and four, while the second deposition resulted in the charge identified as item three.

The request for payment on items numbered seven and eight was subsequently withdrawn by the plaintiff, resulting in a total request for $2,676.82 to be taxed as costs. The trial court granted this motion with the deduction of $20 for the expense of videotape as a cost of materials that must be borne by the proponent of videotaped testimony pursuant to C.P.Sup.R. 12(D)(1)(a). From this judgment the defendant appeals, asserting two assignments of error:

"1. The trial court erred when it assessed as court costs, to be paid entirely by the defendant, all the plaintiffs' expenses resulting from a prolonged discovery deposition which the plaintiffs voluntarily and unnecessarily chose to take of the defendant's medical examiner, as part of plaintiffs' trial strategy, when the

plaintiffs had been previously provided a comprehensive report from the examiner completely setting forth the examiner's findings and opinions.

"2. The trial court erred when it assessed as court costs, to be paid by the defendant, $893.07 of court reporter charges for a video trial deposition of a second medical witness, whom the plaintiffs voluntarily and unnecessarily chose to include as part of their case, simply to buttress the testimony of a medical witness plaintiffs had called earlier.

■ Civ.R. 54(D) authorizes awarding costs in a case and states: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The Staff Notes to this rule indicate that the trial court has the ultimate responsibility for the assessment of costs, and it is incumbent upon the court to exercise discretion in determining whether to assess costs in a particular case. This discretion, however, is not unbridled. Civ.R. 54(D) is not a grant of an absolute right for costs to be allowed to the prevailing party. *State ex rel. Gravill v. Fuerst* (1986), 24 Ohio St.3d 12, 24 OBR 10, 492 N.E.2d 809. See, also, *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 21 OBR 228, 487 N.E.2d 347.

■ Plaintiff quotes *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791, where the Eighth District Court of Appeals established a two-step analysis to determine whether an expense is allowable as a taxable cost under Civ.R. 54(D). The first step of the inquiry is to determine whether an expense is a taxable litigating expense or a personal expense; the second is to decide whether the expense should be taxed as a cost in the particular case. *Id.* at 449, 2 OBR at 544, 442 N.E.2d at 794. The court went on to hold that in most cases, all litigating expenses shall be awarded as costs, and a trial court's discretion to disallow costs is limited to those instances where an expense is unusual or excessive. *Id.*

In order to review the alleged errors it is necessary to individually consider each of the costs identified by the plaintiff and awarded by the trial court. Items numbered one and two are reporter's fees for attending and transcribing Dr. Radabaugh's deposition. The invoices from the court reporter, attached to the plaintiff's motion to tax costs, indicate that these charges were for the December 10, 1990 deposition requested by the plaintiff.

In taxing these fees as costs of the litigation, the trial court considered the test prescribed in *Jones, supra,* and found the costs to be litigating expenses properly assessed against the defendant. The trial court, citing *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 25 OBR 118, 495 N.E.2d 441, further found the deposition expenses to be "vital and necessary" to the litigation.

■ We do not agree with the trial court's taxing these fees as costs of the case. Upon receipt of Dr. Radabaugh's report concluding that the plaintiff's injuries were not related to the accident, the plaintiff requested a deposition of Dr. Radabaugh. The defendant argues that the deposition was not necessary because the report prepared by Dr. Radabaugh was sufficiently detailed to provide the plaintiff with any information he may have required to prepare for trial.

This particular deposition of Dr. Radabaugh, taken on December 10, 1990, was never filed in the trial court and is not a part of the record. The trial court therefore had no means of reviewing this deposition in order to determine whether it was actually necessary for trial. While the trial court conducted a hearing on the motion to tax costs, there was no discussion informing the court about the need for this specific deposition. Further, the court's journal entry taxing the expenses of this deposition as costs in the case states the court relied on only the postexamination report prepared by Dr. Radabaugh and the doctor's trial testimony to determine that the costs of items one, two, three, and four should be taxed to the defendant. This journal entry fails to recognize that there were in fact two depositions taken of Dr. Radabaugh.

■ In addition, the rule in Ohio is not to permit a party to tax the expense of depositions taken in anticipation of a future need, but not actually used at trial, as cost of the litigation. *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218. To tax as costs the expense of a deposition not used at trial might discourage the "reasonable exercise" of taking depositions because counsel might injudiciously take numerous depositions with little regard for the expense, comfortable in the knowledge that the expense would be taxed as costs. *Id.* at 11, 14 O.O.3d at 124, 396 N.E.2d at 220. See, also, *Rice v. Dudick Corrosion–Proof, Inc.* (1989), 57 Ohio App.3d 156, 567 N.E.2d 315; *Dorko v. Woodruff* (1988), 42 Ohio App.3d 13, 536 N.E.2d 56.

We find the trial court's award of expenses numbered one and two to have been an abuse of discretion. Because the deposition was not filed, the court had no way of considering whether this deposition was in fact "vital and necessary" to the litigation. Moreover, the trend in Ohio is not to tax the cost of a deposition not used at trial. The court thus acted unreasonably by assessing the costs for items one and two.

■ The third item to be taxed as costs is the reporter's charge for transcribing Dr. Radabaugh's second deposition taken on May 8, 1991, just prior to trial. The record indicates that this deposition was taken at the request of the defendant as evidenced by the notice to take the videotape deposition of Dr. Radabaugh filed by the defendant on April 22, 1991. Although the defendant

requested this deposition, the invoice from the reporter indicates that the plaintiff was billed for its cost. Considering that the defendant chose to depose his own witness, we find no error in the trial court's assessing the reporter's cost for this deposition against the defendant. The defendant requested this deposition and it is only proper that he, as the losing party, pay for its expense.

■ Item number four is Dr. Radabaugh's fee for giving his testimony at the December 10, 1990 deposition. The bill submitted by the doctor indicates that this fee included a $50 charge for rental of the conference room where the deposition took place, two hours of preparation, review and research for the scheduled deposition at $125 per hour and four hours of actual deposition testimony at $225 per hour.

As previously discussed, the deposition of Dr. Radabaugh taken on December 10, 1990, is not in the record and was not used at trial. The trial court therefore had no means of knowing for what purpose this deposition was taken or whether the expense of Dr. Radabaugh's testimony was an exception to the policy against charging a party's expert witness fees as costs to be paid by the losing party. *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 21 OBR 228, 487 N.E.2d 347. Consequently, we find the trial court's granting Dr. Radabaugh's fee as a cost taxable to the defendant to have been an abuse of discretion.

■ The final items for our consideration, numbered five and six, relate to the videotaped deposition of Dr. Felton. The invoice for item number five is for the reporter to attend the deposition and then to transcribe it. Item number six represents the charge for the videotape recorder operator, equipment, tapes, and travel expenses to record the deposition.

The defendant criticizes the expenses for this deposition, asserting that the plaintiff already had one medical witness to testify at trial and was merely presenting unnecessary and cumulative evidence. The defendant also complains that the costs of the deposition are more than four times Dr. Felton's actual charge to the plaintiff for medical treatment. These arguments are not persuasive.

This deposition was used by the plaintiff at trial in place of the live testimony of Dr. Felton. Although the record does not disclose why Dr. Felton was not called to personally testify at trial, it is clear that a discussion of the evidence to be presented took place between the parties and the court off the record. It is also evident the court allowed the videotaped deposition to be played for the jury to consider. There is no evidence that the plaintiff's decision to present Dr. Felton's testimony was an abusive or excessive trial tactic tolerated by the court. Nor is it known to what extent the jury relied on this testimony. It is entirely feasible that this testimony was persuasive to the jury in reaching its verdict and

therefore a prudent strategy on the part of the plaintiff. Also, the fact that the costs for the deposition are greater than the cost for the doctor's medical services to the plaintiff is irrelevant.

■ In considering the propriety of items five and six, the trial court found these charges properly taxable as costs, with the exception of the $20 charge for the expense of videotape as a material. We find no error by the trial court in assessing these costs against the defendant. Because Dr. Felton was not present to provide live testimony, it was decided to present his videotaped deposition. This expense was therefore a litigating expense properly taxed as costs in the case. *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791.

In conclusion, we find that the defendant-appellant's first assignment of error is well taken in part. The second assignment of error is overruled. The judgment of the Common Pleas Court of Hancock County awarding plaintiff's expenses numbered three, five and six as litigation costs is affirmed. That part of the trial court's order awarding costs for items numbered one, two and four is reversed.

*Judgment affirmed in part*
*and reversed in part.*

HADLEY, P.J. and THOMAS F. BRYANT, J., concur.