**KENNEDY et al.**

v.

**UNIVERSITY OF CINCINNATI HOSPITAL et al.**

Court of Claims of Ohio.

No. 92–11616.

Decided Aug. 9, 1995.

52

*William Eric Minamyer*, for plaintiffs Andrea Beth Kennedy et al.

*Betty D. Montgomery*, Attorney General, and *Marilena R. Walters*, Assistant Attorney General, for defendants University of Cincinnati Hospital et al.

DEAN STRAUSBAUGH, Judge.

This matter came before the court upon plaintiffs' September 19, 1994 motion for costs pursuant to this court's judgment and Civ.R. 54(D). Plaintiffs' motion was supported by a bill of costs itemizing the costs and expenses that plaintiffs claim they incurred in litigating this case. On May 23, 1995, defendants filed a motion for leave to file a response to plaintiffs' motion instanter. For good cause shown, defendants' motion is GRANTED.

Plaintiffs specifically request reimbursement for the costs incurred in connection with litigating the above-captioned case, in addition to those assessed by the clerk, as follows:

| | |
|---|---:|
| Filing fee: | $ 15.00 |
| Medical records expense: | 1,450.25 |
| Court reporters: | 3,972.24 |
| Photography expense for records and trial exhibits: | 820.98 |
| Transportation expense for mileage and parking: | 248.17 |
| Travel expense for lodging and meals: | 1,801.72 |
| Witness consultation fees: | 2,082.81 |
| TOTAL: | $10,391.17 |

Included in this total are the court reporters' fees for the depositions of Kay A. Johnson, M.D., for $300.55 and Bruce P. Lanphear, M.D., for $564.60, and the video deposition of Leah Finkel, Ph.D., for $565.39.

Civ.R. 54(D) provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

The Supreme Court of Ohio has held that "costs" " 'may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment * * *. * * * Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed by authority of statute.' " *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 50–51, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926.

Plaintiffs' motion to tax litigation costs to defendants is hereby SUSTAINED in part and OVERRULED in part as hereinafter noted.

█ First, plaintiffs are entitled to their $15 filing fee.

█ Second, plaintiffs are entitled to court reporting costs associated with the depositions of Kay A. Johnson, M.D., and Bruce P. Lanphear, M.D., totalling $865.15. Depositions may be taxed as costs if the court determines, in its discretion, that the depositions were vital to the litigation. *Jones v. Olcese* (1991), 75 Ohio App.3d 34, 598 N.E.2d 853. One way to determine if the depositions were vital to the litigation is to allow the cost of the deposition if it is used at trial as evidence. *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218; *Gnepper v. Beegle* (1992), 84 Ohio App.3d 259, 616 N.E.2d 960. The court of appeals has determined that the word "use" meant that the depositions be "actually introduced and admitted into evidence, before [the deposition's] expense could be recovered as costs." *Vassil v. Able Fence & Guard Rail, Inc.* (1992), 81 Ohio App.3d 533, 541, 611 N.E.2d 919, 924. Since both the depositions of Dr. Johnson and Dr. Lanphear were admitted into evidence (plaintiffs' Exhibits 17 and 18), plaintiffs may recover the costs of those depositions.

█ Further, plaintiffs are entitled to recover the costs of the video deposition of Leah Finkel, Ph.D. The video was admitted into evidence in lieu of live testimony. The expense of the deposition was $278.69 for the transcript, $21.70 for the exhibits, $40 for the reporter, $175 for the video deposition, $50 for a copy of the video, and $36.15 in postage and other miscellaneous handling charges. Defendants admit that at least $340.39 should be allowed by this court. Defendants stated that the other charges were not allowable expenses. However, the court finds that the cost of the video deposition is allowable because the deposition was vital to plaintiffs' litigation. *Jones, supra.* Thus, plaintiffs are entitled to $565.39 for the video deposition of Leah Finkel, Ph.D.

█ The depositions of Norman E. Matthews, M.D., Andrea and Mark Kennedy, Roberto Madrigal, Ph.D., Jean Pope, Ed.D., and the February 3, 1994 deposition of Leah S. Finkel, Ph.D. were not admitted into evidence. As the Ohio Supreme Court noted in *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 260–261, 18 OBR 314, 316, 480 N.E.2d 1101, 1102, "transcribing and reporting

costs for a deposition of an expert may not be recoverable as costs if the deposition is not introduced as evidence." Thus, these costs are not allowed.

Last, plaintiffs are not entitled to medical records expenses. Nor are plaintiffs entitled to recover costs for photography expenses, for transportation expenses, for travel expenses, and for witness consultation fees. None of these items is permitted by statute, and plaintiffs have not cited any authority for the awarding of these costs. Further, the court of appeals, in *Vassil, supra*, held that the award of expert fees and travel expenses is without statutory authority.

Therefore, plaintiffs' motion to tax costs is GRANTED in the amount of $1,445.54, including the $15 filing fee and $1,430.54 in deposition costs. All other costs are disallowed.

*Judgment accordingly.*