[Cite as *Wood Elec., Inc. v. Ohio Facilities Constr. Comm.*, 2017-Ohio-7524.]

| | |
|---|---|
| WOOD ELECTRIC, INC. | Case No. 2014-00987 |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO FACILITIES CONSTRUCTION COMMISSION | |
| Defendant | |

{¶1} On May 9, 2017, the Tenth District Court of Appeals affirmed the Court's August 12, 2016 decision and judgment for Plaintiff. On June 7, 2017, Plaintiff filed a motion for costs, prejudgment interest, and post-judgment interest. Defendant filed a memorandum contra on June 13, 2017. On June 20, 2017, Plaintiff filed a motion for leave to file a reply, and on July 11, 2017, Defendant filed a motion to strike Plaintiff's reply. Plaintiff did not file a response.

{¶2} With regard to the motion to strike, Defendant argues that Plaintiff had the opportunity to present everything it should have in its original motion because the law and facts have not changed since the date Plaintiff filed the motion. Defendant also argues that Plaintiff has not complied with L.C.C.R. 4(C), which allows for reply briefs upon a showing of necessity. Upon review of Plaintiff's reply, it appears that the purpose of the reply was to directly address what Plaintiff deemed were mischaracterizations of the issues by Defendant. Accordingly, Plaintiff's motion for leave is GRANTED, and Defendant's motion to strike is DENIED.

{¶3} Addressing the motion for costs, prejudgment interest, and post-judgment interest, the Court finds the following:

## I. Costs

{¶4} Plaintiff seeks $11,942.50 for the filing fee, trial transcript, deposition transcripts, and trial exhibits. Defendant does not dispute the cost of the filing fee or the trial transcript. Indeed, R.C. 2746.01(G) states that "[p]rocurement of a transcript of a judgment or proceeding or exemplification of a record in an appeal or other civil action" shall be taxed as costs, and R.C. 2303.21 states that "[w]hen it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding * * * [the transcript] shall be taxed in the bill of costs and recovered as in other cases." Therefore, Plaintiff is entitled to $2,871.30 for the cost of the trial transcripts in addition to $25.00 for the filing fee.

{¶5} Concerning the deposition transcripts and trial exhibit costs, the Supreme Court of Ohio has held that costs do not include fees that are not statutorily authorized. *State ex rel. Toth v. Industrial Comm'n*, 80 Ohio St.3d 360, 363, 686 N.E.2d 514 (1997). Plaintiff argues that 2746.01(G) or R.C. 2303.21 authorize both deposition transcript and copying costs. However, photocopying expenses have been expressly rejected as costs. *Id.* Furthermore, "[d]epositions may be taxed as costs if the court determines, in its discretion, that the depositions were vital to the litigation. *Kennedy v. Univ. of Cincinnati Hosp.*, 72 Ohio Misc.2d 51, 53, 656 N.E.2d 424 (Ct. of Cl.1995), citing *Jones v. Olcese*, 75 Ohio App.3d 34, 598 N.E.2d 853 (11th Dist.1991). "One way to determine if the depositions were vital to the litigation is to allow the cost of the deposition if it is used at trial as evidence." *Barrett v. Singer Co.*, 60 Ohio St.3d 7, 396 N.E.2d 218 (1979). Transcribing and reporting costs for a deposition may not be recoverable as costs if the deposition is not introduced as evidence. *See Moore v. General Motors Corp, Terex Div.*, 18 Ohio St.3d 259, 261, 480 N.E.2d 1101 (1985). Plaintiff did not introduce any of the depositions as evidence at trial. As such, the Court finds that Plaintiff is not entitled to the additional $5,028.10 for deposition transcripts or the $4,018.10 for exhibit copying.

## II. Prejudgment Interest

{¶6} R.C. 2743.18(A) allows for Plaintiff to receive prejudgment interest "at the same rate as allowed between private parties to a suit." The contract between the parties states that interest will be calculated at the applicable statutory rate, which Plaintiff asserts is 3% for 2014-2016 and 4% for 2017 based on the Ohio Department of Taxation's Annual Certified Interest Rates. Plaintiff specifically asks for prejudgment interest from the date of substantial completion, August 24, 2014, until May 9, 2017, when Plaintiff states that the Tenth District Court of Appeals affirmed this Court's decision.[1] Defendant argues that it is too late for Plaintiff to seek prejudgment interest and that the Court did not make a factual determination regarding the substantial completion date or the relevant interest rates. However, the Court finds that it did determine the substantial completion date in its decision and that the use of the applicable statutory rate is clearly contracted between the parties. Therefore, the Court finds that Plaintiff is entitled to prejudgment interest, but that the calculation should be based on this Court's decision on August 12, 2016, rather than the date of the Tenth District Court of Appeals' decision. Accordingly, Plaintiff is entitled to $15,012.72 in prejudgment interest.

## III. Post-Judgment Interest

{¶7} R.C. 2743.18(B)(2) states that "[i]f the court of claims renders a judgment pursuant to this chapter against the state in a civil action * * *, the civil action is not based on tortious conduct, and the claimant in the court of claims prevails in any appeal of the judgment or determination, post judgment interest shall be paid with respect to the judgment or determination rendered against the state at the same rate that is applicable to judgments rendered against private parties to a suit as set forth in section

---

[1]However, as previously stated, the Tenth District Court of Appeals' decision was rendered on May 9, 2017.

1343.03 of the Revised Code and for each day between the date of entry of the judgment or determination and the date of payment of the judgment or determination pursuant to division (C)(3) or (6) of section 2743.19 of the Revised Code." Plaintiff states that this amount should be $27.92 per day beginning from the date of the Tenth District Court of Appeals' decision. However, as determined above, post-judgment interest began to run from the date of this Court's decision on August 12, 2016. Therefore, Plaintiff is entitled to post-judgment interest in the amount of $20.88 per day for 2016 and $27.84 per day for 2017.

**Conclusion**

{¶8} Based on the foregoing, Plaintiff's motion for costs, prejudgment interest, and post-judgment interest is GRANTED, in part, and DENIED, in part. Plaintiff is entitled to the judgment of $254,027 plus $2,896.30 in costs, $15,012.72 in prejudgment interest, and post-judgment interest calculated in a manner consistent with this entry.

DALE A. CRAWFORD
Judge

cc:

Donald W. Gregory                    David A. Beals
Michael J. Madigan                   William C. Becker
Capitol Square Office Building       Assistant Attorneys General
65 East State Street, Suite 1800     150 East Gay Street, 18th Floor
Columbus, Ohio 43215-4294            Columbus, Ohio 43215-3130

**Filed August 23, 2017**
**Sent to S.C. Reporter 9/8/17**