[Cite as *Coomer v. Opportunities for Ohioans with Disabilities*, 2022-Ohio-1819.]

| | |
|---|---|
| LAURA COOMER | Case No. 2019-00086JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| OPPORTUNITIES FOR OHIOANS WITH DISABILITIES | |
| Defendant | |

{¶1} Before the Court is Plaintiff's March 11, 2022 motion in which she requests the Court award her supplemental attorneys' fees and costs associated with Defendant's appeal of this action and post-judgment interest. For the reasons stated below, the Court GRANTS, in part, and DENIES, in part, Plaintiff's motion.

**Facts**

{¶2} Plaintiff asserted that Defendant was liable to her for disability discrimination and failure to accommodate pursuant to state and federal law. After finding that Plaintiff proved her claims, the Court rendered judgment in favor of Plaintiff. February 1, 2021 Interim Decision. The Court found that Plaintiff was entitled to reinstatement and a monetary award of $107,862.50, including $95,440.38 in back pay, $2,422.12 in lost benefits, and $10,000 in emotional distress. *Id.* Thereafter, the Court conditionally awarded Plaintiff additional lost wages at $754.90 per week from "October 25, 2020 until the earlier of: 1) the date her reinstatement is effective, or 2) March 31, 2021", provided that "Plaintiff provid[ed] the Court with evidence that she was medically able to work with the revised schedule on those days * * *."[1] March 10, 2021 Entry. Additionally, the Court awarded Plaintiff $129,052.55 in attorneys' fees and costs. *Id.*

---

[1] Plaintiff filed supplemental evidence pursuant to this Court's conditional award. *See* Plaintiff's April 13, 2021 Notice. Upon consideration of the same, the Court finds that Plaintiff is entitled to additional lost wages as provided for in its March 10, 2021 entry. *See id.*, Ex. A, Supplemental Affidavit of Michael Saribalas, D.O.

{¶3} Defendant filed an appeal of the Court's decision, which was then affirmed. *Coomer v. Opportunities for Ohioans with Disabilities*, 10th Dist. Franklin No. 21AP-158, 2022-Ohio-387. To litigate the appeal on Plaintiff's behalf, Attorney Carrie Dyer, performed 58 additional hours of work, charged at a rate of $335 per hour. Affidavit of Carrie Dyer, ¶ 7-8, Ex. B-1. Additionally, Attorney Greg Mansell performed 11 additional hours of work, charged at a rate of $400 per hour. Affidavit of Greg Mansell, ¶ 7-9, Ex. A-1. These rates are within the reasonable market value for services provided by attorneys in central Ohio with similar experience, knowledge, and skill. Affidavit of Rachel Sabo Friedmann, ¶ 10-13. Plaintiff also incurred $35 in supplemental costs associated with the oral argument, including $25 for printing and copying and $10 for parking. Mansell Aff., ¶ 10, Ex. A-2. The additional hours and costs spent litigating the appeal are reasonable and typical for similar employment law litigation. Sabo Friedmann Aff., ¶ 14-15. Additionally, the Ohio Verified Interest Rates for 2021 and 2022 are 3% per annum. Plaintiff Laura Coomer's Motion for Supplemental Attorneys' Fees & Costs Associated with the Appeal & Motion for Post-Judgment Interest, Ex. D.

**Discussion**

{¶4} Initially, the Court notes that Defendant does not oppose Plaintiff's request for supplemental attorneys' fees and costs associated with the appeal. Upon review, the Court finds that the requested award is reasonable and Plaintiff is entitled to supplemental attorneys' fees and costs. Accordingly, the Court awards Plaintiff $23,865.00 in supplemental attorneys' fees and costs associated with the appeal.

{¶5} Additionally, Plaintiff seeks post-judgment interest on the total award at the applicable statutory rate with continually accruing interest until the judgment is paid. Generally, costs do not include fees that are not statutorily authorized. *State ex rel. Toth v. Industrial Comm.*, 80 Ohio St.3d 360, 363, 686 N.E.2d 514 (1997). Plaintiff argues that R.C. 2743.18(B) authorizes post-judgment interest on the full award. *See, e.g., Warden v. Ohio Dept. of Natural Resources*, Ct. of Cl. No. 2011-01232, 2013-Ohio-1512, ¶ 18

("Plaintiff also seeks post-judgment interest on the award of back pay at the current statutory rate of 3% per annum pursuant to R.C. 2743.18(B). In its post-trial briefs, defendant acknowledges that the statute allows for the same. Accordingly, post-judgment interest shall be allowed on plaintiff[']s back pay award in accordance with R.C. 2743.18(B)."). However, Defendant argues that Plaintiff's request for post-judgment interest should be denied because Plaintiff's employment discrimination claims sound in tort and such civil actions "based on tortious conduct" are not entitled to post-judgment interest. *See* R.C. 2743(B)(2).

{¶6} R.C. 2743.18(B)(2) provides, in relevant part:

If the court of claims renders judgment * * * against the state in a civil action * * *, the civil action is not based on tortious conduct, and the claimant in the court of claims prevails in any appeal of the judgment * * *, postjudgment interest shall be paid with respect to the judgment * * * at the same rate that is applicable to judgments rendered against private parties * * * and for each day between the date of entry of the judgment * * * and the date of payment of the judgment * * *.

A "tort" is a "civil wrong, other than breach of contract, for which the court will provide a remedy in the form of an action for damages." Keeton, et al., *Prosser and Keeton on the Law of Torts*, Section 2 (1984); *see also* Black's Law Dictionary 1246 (Abridged 8th Ed.2005). Accordingly, the Court finds that Plaintiff's employment discrimination claims are civil causes of action based on tortious conduct. *See Kirk v. Shaw Envtl., Inc.*, N.D.Ohio No. 10:09-cv-1405, 2010 U.S. Dist. LEXIS 51332, 14 (May 25, 2010), citing *Greeley v. Miami Valley Maintenance Contractors*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990); *Reilly v. Alcan Aluminum Corp.*, 6th Cir. No. 98-3566, 1999 U.S. App. LEXIS 8739 (May 5, 1999); *Hoyt v. Nationwide Mutual Ins. Co.*, 10th Dist. Franklin No. 04AP-941, 2005-Ohio-6367 ("Ohio treats claims for wrongful discharge in violation of public policy and employment discrimination as tort claims."); *see also Dugger v. Honeywell*

*Internatl. Inc.*, N.D.Ohio No. 1:21-cv-00892, 2021 U.S. Dist. LEXIS 240089, 13 (Dec. 16, 2021) (Plaintiff alleged that Defendant "committed a tort—*i.e.*, employment discrimination and retaliation— * * * and that [Plaintiff] suffered the tortious injury—*i.e.*, lost commission wages and termination of employment— * * *."). Furthermore, the Court finds that the plain language of R.C. 2743.18(B)(2) specifically precludes post-appeal recovery of post-judgment interest in tort actions.

{¶7} While this Court has previously granted post-judgment interest pursuant to R.C. 2743.18(B)(2), it did so in a breach of contract action. *See Wood Electric, Inc. v. Ohio Facilities Construction Commission*, Ct. of. Cl. No. 2014-00987, 2017-Ohio-7524. Alternatively, the Court has once previously granted post-judgment interest in an employment law action prior to any appeal and when the parties agreed to such an award. *Warden* at ¶ 18; *see also* R.C. 2743.18(B)(1). Neither case applies here. Under the circumstances present in this case, the Court finds that Plaintiff is not entitled to post-appeal post-judgment interest.

**Conclusion**

{¶8} For the reasons stated above, the Court GRANTS, in part, and DENIES, in part, Plaintiff's motion. Pursuant to this Court's Interim Decision, its March 10, 2021 Entry, and this Entry, Plaintiff is entitled to the following: (1) $95,440.38 in back pay; (2) $2,422.12 in lost benefits; (3) $10,000 in emotional distress; (4) $129,052.55 in attorneys' fees and litigation expenses; (5) additional lost wages at $754.90 per week from October 25, 2020 until the earlier of either the date that Plaintiff's reinstatement was effective or March 31, 2021; and (6) $23,865.00 in supplemental attorneys' fees and costs associated with the appeal. Additionally, Plaintiff is not entitled to post-judgment interest. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
DALE A. CRAWFORD
Judge

**Filed April 20, 2022**
**Sent to S.C. Reporter 5/31/22**